FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN SCOTT WATERS, representing Steve S. Waters (trust),<br><br>    Plaintiff,<br><br>    v.<br><br>CATAMOUNT PROPERTIES 2018, INC.; and SCHWEET LINDE & ROSENBLUM, PLLC,<br><br>    Defendants. | No. 2:23-CV-00150-SAB<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

    On May 18, 2023, Plaintiff filed a Complaint against Defendants. ECF No. 1. Plaintiff is representing himself in this matter. Plaintiff was granted *in forma pauperis* status, and he filed a Motion for Injunctive Relief on May 19, 2023. ECF Nos. 4 and 5.

    Plaintiff failed to state a claim against Defendants upon which relief can be granted. The case is dismissed with prejudice, as any amendment of the Complaint would be futile.

## 28 U.S.C. § 1915(e)(2) REVIEW

    28 U.S.C. § 1915(e)(2)(B) states that a district court shall dismiss a case at any time, regardless of whether the filing fee has been paid, if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief may be granted. A plaintiff's claim is frivolous "when the facts alleged rise to

**ORDER DISMISSING COMPLAINT WITH PREJUDICE \*1**

the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## PLEADING REQUIREMENT

Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not contain "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 679 (citations and quotations omitted).

**ORDER DISMISSING COMPLAINT WITH PREJUDICE *2**

# PLAINTIFF'S COMPLAINT

Plaintiff argues Defendants violated the U.S. Constitution and numerous federal statutes, including 42 U.S.C. § 1983. ECF No. 1 at 3. He claims that on April 27, 2023, a state court judge "assumed jurisdiction when challenged without written proof." *Id.* at 4–6. Plaintiff claims the judge denied his "right to enter testimony" and "showed favoritism" to the adverse parties in the proceeding, which the Court assumes to be Defendants in this case. *Id.* at 6. He also alleges the state court judge ordered police officers to enter his property and evict him. *Id.*

Here, Plaintiff failed to present sufficient factual allegations against Defendants. Section 1983 requires a defendant to be a "state actor" or "acting under color of state law." *See Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir.), *cert. denied*, 142 S. Ct. 337 (2021); *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). The named Defendants are not state actors. In addition, Plaintiff's claims pertain to actions by a state court judge, which are barred by judicial immunity. Plaintiff did not state a claim against Defendants upon which relief can be granted.

If it is clear that amendment of a *pro se* Complaint would be futile, the Court may dismiss the Complaint without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The Court finds amendment of the Complaint would be futile. The case is dismissed with prejudice.

//
//
//
//
//
//
//
//

**ORDER DISMISSING COMPLAINT WITH PREJUDICE *3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED, with prejudice**.

2. Plaintiff's Motion for Injunctive Relief, ECF No. 5, is **DENIED, as moot**.

3. The Clerk of Court is directed to **CLOSE** the file.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide a copy to Plaintiff.

**DATED** this 2nd day of June 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING COMPLAINT WITH PREJUDICE *4**